IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HAROLD EDWARD ORR, JR.,              :

    Plaintiff,                              :

vs.                                                   :    CIVIL ACTION 05-0094-WS-C

DR. BARNES,                                  :

    Defendant.                           :
                                                  :

ORDER

A complaint has been filed under 42 U.S.C. § 1983 by an Alabama prisoner together with a Motion to Proceed Without Prepayment of Fees. The Court has determined that the complaint cannot be properly and effectively processed by the Court without further additional information from the Defendant(s) named below. Accordingly, it is ORDERED that:

    1. The Clerk, in accordance with the Court's standing order dated February 1, 1994, shall cause the Notice of Lawsuit and Request for Waiver of Service of Summons form, two Waiver of Service of Summons forms, the complaint (Doc. 1), any amendments, and this order to be delivered to Dr. Barmes by sending these documents for each Defendant to Lt. Richard Hetrick, Fountain Correctional Facility, Fountain 3800, Atmore, Alabama 36503, and the prepaid means for the deliverer to return to the Court the Waiver of Service of Summons form that is signed by each Defendant.

2. If any Defendant is an employee of the Alabama Department of Corrections, the Clerk is directed to send a copy of the complaint, any amendments, and this order to the Office of General Counsel of the Alabama Department of Corrections, P. O. Box 301501, Montgomery, Alabama 36130-1501.

3. Defendant(s) shall undertake a review of the subject matter of the complaint (a) to ascertain the facts and circumstances; (b) to consider whether any action should be taken by officials to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this Court or elsewhere, should be considered together.

4. A special report shall be filed by the Defendant(s) with the Court containing, where applicable, the sworn statements of all persons having knowledge of the subject matter of the complaint. The special report and the answer shall be filed with the Court and a copy served upon Plaintiff within sixty (60) days from the date of service of process or sixty (60) days from the date the Clerk sends the waiver documents. Authorization is hereby granted to interview all witnesses, including Plaintiff. <u>Whenever relevant, certified copies of medical and/or psychiatric records shall be attached to the special report. Where the claim of Plaintiff or the defense of Defendant(s) relates to or involves the application of administrative rules, regulations, and guidelines, the special report shall include certified copies of all such applicable administrative rules, regulations, and guidelines. All copies of documents submitted shall be certified in the manner required by Fed. R. Civ. P. 56.</u>

5. No motions addressed to the complaint are to be filed until after the special report required by this order is filed.

6.  NOTICE TO PLAINTIFF.

(a)  The Federal Rules of Civil Procedure require that Plaintiff mail to counsel for Defendant(s) a true copy of anything that Plaintiff sends to the Court.  Failure to do so may subject Plaintiff to appropriate sanctions, up to and including dismissal of the action.  Anything filed should specifically state that it has been sent to counsel for Defendant(s).

(b)  Plaintiff is informed that this action will proceed as quickly as possible, that Plaintiff will be informed of all action the Court takes, and that Plaintiff should not ordinarily write letters to the Court, but should convey the information to the Court by appropriate motion with a copy sent to counsel for Defendant(s).

(c)  If Plaintiff moves to a different institution or is released, the Court must be informed immediately of Plaintiff's new address.  Failure to do so will result in the dismissal of this action for failure to prosecute and to obey the Court's order.

(d)  It is Plaintiff's responsibility to furnish the Clerk's Office with accurate addresses for Defendant(s) whom Plaintiff wishes to serve.  Without accurate addresses, service of process is impossible.  It is also the responsibility of Plaintiff to monitor this action to make sure that the person whom Plaintiff wishes to sue has been served.  If the person has not been served, he/she is not a party to this action.

DONE this 26th day of April, 2005.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE