**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| HAROLD EDWARD ORR, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 05-0094-WS-C |
| DR. BARNES, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1) together with a motion to proceed without prepayment of fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2 (c)(4), and is now before the Court for plaintiff's failure to prosecute and to obey the Court's order.

The Court, in reviewing its docket, determined that the defendant Dr. Barnes had not filed his answer and special report although he had executed the waiver of service of process (Doc. 15). In its consideration of the action that it should take in regard to this failure, the Court reviewed the complaint and discovered that the end of plaintiff's sentence was in September, 2005 (Doc. 1 at 7). Thereupon, the Court examined the

website for the Alabama Department of Corrections (hereinafter "ADOC") and ascertained that plaintiff was no longer listed as being in its custody.  And an examination of the Court's file for an address for plaintiff other than one for an ADOC facility was unproductive.  Furthermore, the Court found that the last action taken by plaintiff in this case was on May 11, 2005, when he filed a motion for status (Doc. 16), and that the last action that can be attributed to plaintiff is the ADOC's August 15, 2005 payment to the Court of a partial filing fee taken from plaintiff's inmate account (Doc. 18).

Almost six months has elapsed since there has been contact from plaintiff or on his behalf.  This absence of contact appears to have commenced from the time that he identified as the end of his sentence.  Nonetheless, plaintiff has not advised the Court of a change in his address from his Fountain Correctional Center address.  Moreover, plaintiff was warned by the Court that he must advise the Court of any change in his address or his action would be dismissed for want of prosecution (Doc. 1 at 8).  Based on the foregoing reasons, the Court concludes that plaintiff has abandoned the prosecution of his action.

Due to plaintiff's failure to prosecute his action and to obey the Court's order, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice.  *Link v. Wabash R. R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41

F.3d 1454, 1456-57 (11th Cir. 1995); *Mingo v. Sugar Cane Growers Co-op,* 864 F.2d 101, 102 (11th Cir. 1989); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Hildebrand v. Honeywell,* 622 F.2d 179, 181 (5th Cir. 1980).[1]  *Accord Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), *cert. denied,* 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this 8th day of February, 2006.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

---

[1]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

l.       *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.       *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                                         s/WILLIAM E. CASSADY
                                                         UNITED STATES MAGISTRATE JUDGE